## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:09-CV-51 |
| | ) | |
| HHS DEVELOPMENT LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Summary Judgment, filed by Plaintiff, Bank of America, N.A., on September 24, 2009 (DE #16). For the reasons set forth below, the motion is **GRANTED**. Summary judgment is **GRANTED** in favor of Plaintiff, Bank of America, N.A., and against Defendants, HHS Development LLC and Subsidiaries, William J. Harrington, Fred L. Solomon, and Arthur J. Hudson, in the amount of $222,408.13, plus pre-judgment interest accruing at the contract rate of 7.25%, plus reasonable attorneys' fees and costs, together with post-judgment interest at the rate of .41%. BOA is **ORDERED** to submit a proposed form of judgment regarding the underlying debt and interest as well as a bill of costs and attorneys fees (supported by affidavit) on or before **January 14, 2010.** Defendants may file objections, if any, on or before **January 29, 2010.**

BACKGROUND

Plaintiff, Bank of America, N.A. ("BOA"), successor by merger to LaSalle Bank Association, filed a complaint for breach of contract in this matter on March 5, 2009. This case stems from a loan transaction between BOA and Defendant, HHS Development LLC ("HHS"), wherein BOA loaned and advanced money to HHS pursuant to a promissory note. Three individuals, Defendants William J. Harrington, Fred L. Solomon, and Arthur J. Hudson ("Guarantors") guaranteed HHS's repayment of the loan to BOA. HHS failed to make payments under the terms of the promissory note, and is in default.

BOA filed the instant Motion for Summary Judgment on September 24, 2009. BOA claims that as of September 17, 2009, HHS owed to BOA the principal amount of the loan of $222,408.13, plus interest in the amount of $22,107.99, plus $568.96 in late charges, for a total of $245,085.08, and also asks for attorneys'/professional fees and costs, with interest, default interest, and late fees and costs which continue to accrue on the unpaid balance. (Pl.'s Br. In Supp. Of Mot. For Summ. J., pp. 2-3.)

Defendants HHS, Harrington, Solomon, and Hudson all failed to file a response to the instant motion. On December 8, 2009, this Court ordered Defendants to file a response by December 23, 2009, and warned Defendants that if they failed to file a response brief by that date, the Court may summarily rule on this matter. To date, no response has been filed.

Undisputed Facts

HHS executed and delivered to LaSalle Bank National Association a promissory noted dated October 31, 2007, in the original principal amount of $222,408.13 ("Note"). (Compl. ¶ 9; Affidavit of Robert Corsentino ("Corsentino Aff."), DE #16-5, ¶ 2.) Harrington, Solomon and Hudson all personally guaranteed payment of the obligation by executing commercial guaranties. (Compl. ¶¶ 10, 11, 12; Corsentino Aff., ¶¶ 3, 4, 5.) HHS defaulted on its obligations under the Note by failing to pay the principal amount and any accrued interest. (Corsentino Aff., ¶ 6.)

As of September 17, 2009, HHS owed to BOA the principal amount of $222,408.13, plus interest in the amount of $22,107.99, plus $568.96 in late charges, for a total of $245,085.08, plus attorneys'/professional fees and costs, with interest, default interest, late fees and costs (including attorneys'/professional fees) continuing to accrue on the unpaid balance (the "Indebtedness"). (Corsentino Aff., ¶ 7.) BOA made a demand upon HHS, Harrington, Solomon, and Hudson for payment of the Indebtedness by letters dated October 20, 2008. (Corsentino Aff., ¶ 9.) The Indebtedness is currently due and owing, and has not been paid by HHS, Harrington, Solomon or Hudson. (Compl. ¶15; Corsentino Aff. ¶ 7.) The loan documents provide that BOA shall be entitled to collect all expenses incurred in pursuing collection

and foreclosure, including but not limited to, reasonable attorneys fees and costs. (Corsentino Aff., ¶ 11.) BOA has incurred attorneys' fees and costs, and may incur additional attorneys' fees and costs relating to this litigation.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of

material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." *Celotex*, 477 U.S. at 323.

Where the motion for summary judgment is not opposed and the movant's facts are not controverted, the court "will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." N.D. Ind. L.R. 56.1(b). However, even if a motion for summary judgment is unopposed, the movant must still show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993).

In Indiana, the interpretation and construction of contract provisions is a function for the court. *FH Partners LLC v. Cajbin LLC*, No. 3:09-CV-83 CAN, 2009 WL 4424483, at *5 (N.D. Ind. Nov. 20, 2009); *Peoples Bank & Trust Co. v. Price*, 714 N.E.2d 712, 716 (Ind. Ct. App. 1999). "The construction of a written contract is generally a question of law, and summary judgment is particularly appropriate because there are no issues of fact." *Kordick v. Merchants Nat'l Bank & Trust Co.*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986) (citing *Ancich v. Mobil Oil Co.*, 422 N.E.2d 1320 (Ind. Ct. App. 1981)). In interpreting an unambiguous contract, a court gives effect to the parties' intentions as expressed in the four corners of the document. *Noble Roman's, Inc. v. Pizza Boxes, Inc.*, 835 N.E.2d 1094, 1098 (Ind. Ct. App. 2005). Unless the terms of a contract are ambiguous, they will be given their plain and ordinary

meaning. *Id.*

In this case, the terms of the contract (DE #1-2) are unambiguous, and it is undisputed that HHS defaulted on the Note by failing to pay the principal and any accrued interest. As a result of the default, and in accordance with the terms of the Note, BOA has rightfully accelerated the balance and declared the entire amount to be due and owing. The Note specifically provides that "[u]pon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid Interest immediately due, and then Borrower will pay that amount." (DE #1-2, p. 1.) BOA is entitled to judgment as a matter of law on its claim against HHS in the amount due under the note, $222,408.13, plus pre-judgment interest, with costs of collection, attorneys' fees and post-judgment interest. (DE #1-2, pp. 1-2.)

Summary judgment is also warranted in favor of BOA and against the guarantors, Harrington, Solomon, and Hudson. "A guaranty is a conditional promise to answer for a debt or default of another person." *TW Gen. Contracting Servs. v. First Farmers Bank & Trust*, 904 N.E.2d 1285, 1288 (Ind. Ct. App. 2009). The interpretation of a guaranty agreement is governed by the same rules applicable to other contracts. *Id.* Moreover, summary judgment is "especially appropriate" in the context of enforcement of contracts, including guaranties, because the construction of a written contract is a question of law. *Id.* at 1287-88.

7

Under Indiana law, three parties are required to properly execute a guaranty agreement: (1) the borrower; (2) the lender; and (3) the guarantor who promises to pay the debt of the borrower upon default to the lender. *Indianapolis Morris Plan Corp. v. Sparks*, 172 N.E.2d 899, 902 (Ind. Ct. App. 1961). In this case, the three guarantees were all properly executed because HHS served as the borrower, BOA as the lender, and Harrington, Solomon, and Hudson served as the guarantors. The guaranties unconditionally guaranteed to BOA all obligations under the loan documents, including, *inter alia*, payment of all indebtedness owed by HHS to BOA, including payment of reasonable attorneys' fees and costs incurred by BOA in the enforcement of the Note. (DE #1-2, pp. 3-14.) Here, the plain language of the guaranties make the guarantors responsible for the obligations of the borrower. As in *TW General Contracting*, Harrison, Solomon and Hudson "should have expected that they would need to fulfill their promises under the Guaranties" and summary judgment is appropriate against them. *TW Gen. Contracting Servs.*, 904 N.E.2d at 1291.

CONCLUSION

For the aforementioned reasons, summary judgment is **GRANTED** in favor of Plaintiff, Bank of America, N.A., and against Defendants, HHS Development LLC and Subsidiaries, William J. Harrington, Fred L. Solomon, and Arthur J. Hudson, in the amount of $222,408.13,

8

plus pre-judgment interest accruing at the contract rate of 7.25%, plus reasonable attorneys' fees and costs, together with post-judgment interest at the rate of .41%.  BOA is **ORDERED** to submit a proposed form of judgment regarding the underlying debt and interest as well as a bill of costs and attorneys fees (supported by affidavit) on or before **January 14, 2010.**  Defendants may file objections, if any, on or before **January 29, 2010.**


**DATED: December 30, 2009**          **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**